319 So.2d 675

**GENERAL MUTUAL INSURANCE COMPANY, a corporation**

v.

**Eunice Marie GILMORE, as Executrix of the Estate of Benjamin Frank Gilmore, Deceased.**

**SC 1086.**

Supreme Court of Alabama.

Sept. 11, 1975.

Rehearing Denied Oct. 2, 1975.

Martinson & Beason, Huntsville, for appellee.

Camp, Page, Williams & Spurrier, and Danny D. Henderson, Huntsville, for appellant.

548

JONES, Justice.

By this appeal the issue of "stacking" or "pyramiding" of coverage under the uninsured motorist provisions of an automobile liability insurance policy is again presented for this Court's review.

We agree with the trial Court's ruling granting the plaintiff's motion for summary judgment which has the effect of allowing "stacking." We therefore affirm.

The facts are not disputed. On December 10, 1970, Benjamin Frank Gilmore was killed in a collision with an uninsured motorist, Percy Lee Griffin. Eunice Marie Gilmore, as executrix of her deceased husband's estate, filed a wrongful death action in the Madison County Circuit Court and obtained an unsatisfied judgment in the

sum of $125,000 against Griffin. At the time of the collision, Gilmore, while employed by Leonard Askew, doing business as Askew Office Machine Company, was driving an automobile owned by Leonard Askew. In effect on the date of the accident was a General Liability/Automobile Policy issued by General Mutual Insurance Company to Leonard Askew, doing business as Askew Office Machine Company. The policy contained uninsured motorist protection and seven separate premiums had been paid on seven listed vehicles, including the one driven by Gilmore.

Because the uninsured motorist coverage specified limits of $10,000 per person per vehicle, the intestate's personal representative sought to "stack" coverage for each of the other six vehicles and brought an action against General Mutual for $70,000. General Mutual responded, asserting that its liability was limited to $10,000 by virtue of the policy's "Limits Of Liability" clause which is found under the uninsured motorist's provision:

"The limit of liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting 'each person', the limit of liability stated in the schedule as applicable to 'each accident' is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident."

We have consistently held that "Other Insurance" and the "Limits Of Liability" clauses are ineffective to prevent "stacking," being in derogation of the Alabama Uninsured Motorist statute, Tit. 36, § 74(62a), Code.[1]  In each of these cases

1. *Great Central Insurance Company v. Edge*, 292 Ala. 613, 298 So.2d 607 (1974) ; *Phoenix Insurance Company v. Stuart*, 289 Ala. 657, 270 So.2d 792 (1972) ; *Employers Liability Assurance Corp., Ltd. v. Jackson*, 289 Ala. 673, 270 So.2d 806 (1972) ; *State Farm Automobile Insurance Co. v. Cahoon*, 287 Ala. 462, 252 So.2d 619 (1971) ; *Hogan v. Allstate Insurance Co.*, 287 Ala. 696, 255 So.2d 35 (1971) ; *Safeco Insurance Co. of America v. Jones*, 286 Ala. 606, 243 So.2d 736 (1970) ; See also *State Farm Automobile Insurance Co. v. Reaves*, 292 Ala. 218, 292 So.2d 95 (1974).

(except in *Cahoon* where the "stacking" involved workmen's compensation coverage), the plaintiff was the named insured or an insured by virtue of being the spouse or relative of the named insured living in the same household.

General Mutual does not contest these prior holdings, but rather it seeks to raise an issue of "first impression": whether "stacking" is available to an injured plaintiff who is an insured by virtue of his occupancy of the vehicle involved in the accident. Contending that the "insured by virtue of occupancy" issue is before us, thereby limiting its liability to $10,000, General Mutual directs our attention to the following uninsured motorist provision of the policy:

"Persons Insured.

"Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;

(b) any other person while occupying an insured highway vehicle;"

We have strained at the record in an effort to accommodate our review and holding to the issue sought to be raised. A look at the record, however, will disclose our dilemma. Other than the pleadings—the complaint and counter-motions for summary judgment—the only factual presentation is contained in a "Stipulation", which provides in part:

"1. Before December 10, 1970, Defendant issued a policy of automobile insurance, being Policy No. CC–7601, whereby Defendant insured Leonard Askew, doing business as Askew Office Machine Company, as insured, and under which said contract of insurance the defendant agreed to pay any person insured under said contract or his legal representative all sums to which such insured or such representative shall be legally entitled to recover as damages from uninsured motorists because of bodily injuries or death sustained by such insured, in an automobile accident. A true and correct copy of said policy is marked for Identification as Exhibit '1', and incorporated herein.

"2. The named insured under this policy of insurance was 'Leonard Askew doing business as Askew Office Machine Company'. Benjamin Frank Gilmore was not a named insured under this policy of insurance. Benjamin Frank Gilmore, now deceased, was an insured within said contract of insurance in that he was an employee of Leonard Askew, doing business as Askew Office Machine Company, at his death."

A six-page policy of insurance is attached as "Exhibit '1' To Stipulation"; and, while the stipulation states that it is "a true and correct copy", it is obviously an incomplete contract of insurance. The first page of the policy—denominated "General Liability/Automobile Policy Declarations"—in addition to showing the named insured and the limits of liability for the coverage afforded, shows that "Comprehensive Automobile Liability Insurance", "Comprehensive General Liability Insurance", "Automobile Medical payments Insurance", "Premises Medical Payments Insurance", and "Protection Against Uninsured Motorist Insurance" appear on pp. "3b", "3c", "3d", "3e", and "3f" respectively. Only page "3f"—"Protection Against Uninsured Motorist Insurance"—is made a part of the Exhibit. The remaining four pages are composed of "Definitions", "Supplementary Payments", and "Conditions". Conspicuously absent, inter alia, are the insuring clauses, as well as language indicating whether persons other than the named insured operating the insured vehicle with the owner's (or named insured's) permission are within the definition of "insured". This latter deficiency, however, is supplied by the stipulation, "Gilmore  .  .  .  was  an  insured .  .  .  in that he was an employee of Leonard Askew."

We hasten to observe at this point that there is little, if any, probability that this portion of the stipulation was the result of oversight or inadvertence. Automobile liability insurance policies issued in this state traditionally contain the standard omnibus clause which includes, within the definition of "insured", persons driving the insured vehicle with the permission of the named insured. Thus, the stipulation merely accords credence to this standard language within the factual context of the case at bar.

At any rate, given the fact that Gilmore is an insured "in that he was an employee" of the named insured, the validity vel non of General Mutual's contention that the distinction between the various classes of omnibus insureds requires different results as to "stacking" is not before us. Judicial restraint requires that we await the appropriate case to address the issue whether "stacking" is permissible where the injured plaintiff is an insured by virtue of his occupancy of the insured vehicle.[2]

In view of General Mutual's implicit concession of lack of merit of this appeal absent the issue sought to be presented, we will not prolong our discussion by any in depth analysis of our "stacking" cases or their analogy to the instant case. Suffice it to say that the rationale of *State Farm Automobile Insurance Co. v. Reaves*, 292 Ala. 218, 292 So.2d 95 (1974), though itself not a "stacking" case, refused to recognize a distinction for purposes of scope of coverage between the named insured and those otherwise included within the statutory term "persons insured thereunder."

■ Given the *Reaves* conclusion that the scope of coverage as to all classifications of insureds is identical and equal, the following language from *Edge* is controlling:

> "[W]here one policy covers two automobiles, for which two premiums are paid, an insured is not precluded from recovering the aggregate amount of coverage provided for the two vehicles so long as the total does not exceed the total of the judgment for the damages recovered." [3]

Professor Widiss, the acknowledged authority in this field, writing in 67 Nw. U.L.R. 497 (1967), observed that such restrictive clauses (Other Insurance and Limits of Liability clauses) are generally construed "to extend protection to persons that the purchaser would probably have acquired protection for if he were in a position to specify the individuals for whom he desired coverage. In other words, an insurance company will not be allowed to provide an insurance policy which denies protection to such persons unless it is clear that the purchaser understood he was acquiring such limited protection."

■ Gilmore was an employee of the named insured and, as the regularly assigned driver of the business vehicle, was the individual most likely to be in an accident involving such insured vehicle. The policy issued to Leonard Askew, doing business as Askew Office Machine Company, was obviously intended to cover business operations which required the use of automobiles by employees, including Gilmore, in its day to day operation; and such employees thus assumed the position of third party beneficiaries to the insurance contract and were entitled to its full benefits. *Harris v. Board of Water and Sewer Commissioners of the City of Mo-*

2. For two cases, one on either side of this issue, see *Blocker v. Aetna Casualty and Surety Company*, 232 Pa.Super. 111, 332 A.2d 476 (1975) and *Cunningham v. Insurance Company of North America*, 213 Va. 72, 189 S.E.2d 832 (1972).

3. It is to be borne in mind that the term "insured", as used in *Reaves* and *Edge*, refers to that classification of insureds contemplated by the statutory term "persons insured thereunder", which is referable, in turn, to the general liability coverage. It is not a reference to an insured under subdivision (b) of the uninsured motorist provision's definition of "Persons Insured", i. e., "any other person while occupying an insured highway vehicle."

*bile,* 294 Ala. 606, 320 So.2d 624 (1975); *Kingsberry Homes Corporation v. Ralston,* 285 Ala. 600, 235 So.2d 371 (1970); *Mutual Benefit Health & Accident Association of Omaha v. Bullard,* 270 Ala. 558, 120 So.2d 714 (1960).

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur in the result.