338 So.2d 1276 (1976)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, a corporation
v.
Terry GUTHRIE.
SC 1451, SC 1452.
Supreme Court of Alabama.
October 25, 1976.
*1277 Lybrand, Sides & Hamner, Anniston, for appellant.
Merrill, Porch, Doster & Dillon, Anniston, for appellee.
MADDOX, Justice.
The primary issue presented by this appeal is whether the trial court erred in refusing to permit defensive pleadings to be filed during the trial of the case and after the entry of the pre-trial order. In this particular case, we find no error.
Terry Guthrie, a minor, and his father, Wilson Guthrie, filed separate actions naming Alabama Farm Bureau Mutual Casualty Insurance Company, in which they sought recovery under the uninsured motorist provisions of three insurance policies issued to the father by Farm Bureau.
The facts stated briefly are that on May 4, 1973, Terry Guthrie was riding with five other passengers in a car owned and operated by Robert McCrelles, Jr., when the car was forced off the highway to avoid a collision with another vehicle that had cut sharply into McCrelles' lane. As the McCrelles automobile left the road, it turned over one or more times. Terry Guthrie suffered permanent injury to his right hand. The evidence reflects that the driver of the other car was an uninsured motorist.
The jury awarded Terry Guthrie a judgment in the amount of $32,550 and his father obtained a judgment in the amount of $3,986.99 for medical expenses, plus interest. Farm Bureau filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. This motion was denied by the trial court on the condition that a remittitur be entered on "all sums not exceeding the amount of $28,603.01." The appellees, in their acceptance of remittitur, reserved their right to have the verdict reinstated in its full amount on appeal. Subsequently, Farm Bureau appealed the judgment of the trial court.
In order to demonstrate why we conclude that the trial court did not err in striking defendant's defenses filed during the trial, we set out, chronologically, the events. The complaints were filed on April 4, 1974. On *1278 January 15, 1975, a pre-trial conference was held wherein the Guthries and Farm Bureau outlined their respective positions as to the issues involved in these actions. In the pre-trial order, Farm Bureau denied that the other driver, alleged to have been Tyrone Sturkie, was an uninsured motorist. Farm Bureau's position was that only one insurance policy applied to this accident and that Terry Guthrie was contributorily negligent. However, on June 9, 1975, the day of the trial, and almost five months after the pre-trial conference had been held, Farm Bureau filed two motions for summary judgment based upon a pro tanto release and trust agreement executed on February 4, 1974, between Mr. and Mrs. Wilson Guthrie and Nationwide Insurance Company (hereinafter Nationwide) and the deposition of Wayne Horton, a claims adjuster for Nationwide. The McCrelles automobile that Terry Guthrie was riding in at the time of the accident, as well as a different automobile owned by Robert McCrelles, Sr. were covered under a policy with Nationwide. On June 9, 1975, the trial court denied Farm Bureau's motions for summary judgment.
On June 10, 1975, the second day of the trial, Farm Bureau presented to the trial court a motion to add Nationwide as a party-plaintiff. Moreover, Farm Bureau filed the following pleas with the trial judge:

"PLEA ONE
"That the plaintiff has been paid by Nationwide Mutual Insurance Company and that the plaintiff in consideration thereof executed a release, without the knowledge and consent of this defendant, and that the said action of the plaintiff in executing such release is a bar to the complaint against these defendants.

"PLEA TWO
"That the plaintiff has been paid the sum of Eleven Thousand Dollars ($11,000.00) by Nationwide Mutual Insurance Company, a corporation, which payment was made without the knowledge or consent of this defendant, and which this defendant claims as a part of any judgment that may be rendered against them."
The trial judge ordered that the "pleas be and are hereby stricken as to raising new issues after order on pre-trial." The trial judge also denied Farm Bureau's motion to add Nationwide as a party-plaintiff.
Farm Bureau's argument here is based entirely upon issues not raised at the pretrial conference, that is; that Nationwide, as the insurer of the McCrelles automobile in which Terry Guthrie was riding as a passenger when injured, was the primary insurer; that there were two premiums paid for two automobiles by the same named insured and the policies "stack" insofar as the uninsured motorist coverage is concerned; that since both policies contained uninsured motorist coverage of $10,000 each, the amount of these policies when stacked resulted in $20,000 worth of coverage; that Farm Bureau was not obligated under its policies until the coverage [$20,000] of the primary insurer, Nationwide, had been exhausted; that the Guthries settled with Nationwide without exhausting the uninsured motorist coverage and therefore there can be no recovery against Farm Bureau.
The insurance policies under which Nationwide was allegedly obligated to pay were not made part of the record on Farm Bureau's motion for summary judgment, and are not a part of the record on appeal. Furthermore, as stated previously, the pre-trial conference was held eight months after the complaints were filed. At the pre-trial conference, the parties outlined their respective theories. Approximately five months later, during the trial, Farm Bureau attempted to raise additional theories of defense. Under ARCP 16, the trial judge restricted Farm Bureau to the use of the defenses it asserted at the pretrial conference. Although the purpose of Rule 16 is not to disallow automatically post pre-trial amendments [National Distillers and Chemical Corp. v. American Laubscher Corporation, (decided October 1, 1976), Ala., 338 So.2d 1269], the pre-trial procedure becomes ineffective unless the trial judge has *1279 the right to disallow amendments to pleadings filed subsequent to the pre-trial hearing. See ARCP 16, Committee Comments. We find no prejudicial error in the refusal of the trial judge to permit the amendment of defendant's pleadings here.
Even assuming the proffered pleas were timely, there remains a serious question whether under the facts of this case Farm Bureau's pleas were legal defenses. As stated, we do not have the Nationwide policies before us. We cannot tell absolutely whether the proffered pleas did, in law, raise a valid defense, but we mention the point to show that the appellant has not shown that the trial court committed reversible error in striking the pleas during the trial of the case.
Under Rule 15, the trial judges must be given discretion to allow or refuse amendments. This Court has held that amendments are to be freely allowed and that their refusal must be based on a valid ground. Liberality of amendment does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced. Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975).
The Guthries assert error by the trial court in conditionally requiring remittitur. This issue is properly before this Court on appeal in that the appellees are authorized to challenge this remittitur under ARCP 59(f). The trial court's amended order overruling the motion for a new trial on the condition of a remittitur states:
". . . [T]he only claims allowed by the Pre-Trial order in this Action were contractual in nature under the uninsured motorist coverage, and the Judgment of Wilson Guthrie was therefore deducted."
Wilson Guthrie's recovery was for the total of his son's medical expenses plus interest from the date of the complaint. The pre-trial order entered by another judge states in part: "W. Guthrie sues for Medical expenses and loss of services of T. Guthrie, his minor son." The jury awarded the entire uninsured motorist coverage to Terry Guthrie and an additional award to Wilson Guthrie for medical expenses under the medical payment provisions of the Farm Bureau policies. The above-quoted portion of the pre-trial order, in addition to the pleadings and proof, clearly show that the question of medical expenses was placed in issue. Moreover, the jury was orally instructed that "Wilson Guthrie is seeking for medical expenses, and loss of services of Terry Guthrie, his minor son." The trial judge erred in ordering the remittitur.
For the reasons given, the original judgment will be reinstated by the judgment of this Court. The trial court in all other respects is hereby affirmed.
The original opinion contained some minor errors and has been withdrawn and this modified opinion has been substituted for it.
ORIGINAL OPINION WITHDRAWN; ORIGINAL JUDGMENT OF TRIAL COURT REINSTATED; AFFIRMED.
BLOODWORTH, FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
HEFLIN, C. J., concurs in the result.
JONES, J., concurs specially.
JONES, Justice (concurring specially):
Whether the trial Court erred in disallowing Farm Bureau's additional defenses and the addition of Nationwide as a party plaintiff turns not on an interpretation of ARCP, Rule 15; rather, it turns on an analysis of the merits of the proffered defenses. The substance of this defense is that, because Nationwide is the primary insurer and its coverage has not been exhausted, Farm Bureau's coverage has not been invoked. The difficulty with this defense lies not in its timeliness from the standpoint of procedure, but in the incorrectness of its premise from the standpoint of substantive law.
In order to invoke the primary-secondary coverage principle and thus bar plaintiff's right of recovery against Farm Bureau, stacking of Nationwide's two policies must *1280 be legally operative. Not so, here. The offered pleas do not establish that Terry Guthrie was a named insured under Nationwide's primary liability policy; nor was he included under its definition of omnibus insured. As a passenger in the vehicle covered by Nationwide, his coverage for uninsured motorist protection is by virtue of the omnibus insured clause of the uninsured motorist provisions of the policy, which also restricts the coverage to $10,000 per person plus medical benefits. Stacking would result if the insured fell within that category of uninsureds whose coverage is mandated by the Uninsured Motorist Statute, e.g., the operator of the insured vehicle by virtue of his omnibus coverage under the primary liability policy. Lambert v. Liberty Mutual Insurance Company, 295 Ala. 414, 331 So.2d 260 (1976); General Mutual Insurance Company v. Gilmore, 294 Ala. 546, 319 So.2d 675 (1975). Thus, where stacking does not result, as here, the primary coverage is exhausted upon the payment of the policy limits of $10,000.
These proffered defenses were properly refused on the ground that they failed to establish a legally cognizable defense to plaintiff's claim.