JONES, Justice
(concurring specially):
Whether the trial Court erred in disallowing Farm Bureau’s additional defenses and the addition of Nationwide as a party plaintiff turns not on an interpretation of ARCP, Rule 15; rather, it turns on an analysis of the merits of the proffered defenses. The substance of this defense is that, because Nationwide is the primary insurer and its coverage has not been exhausted, Farm Bureau’s coverage has not been invoked. The difficulty with this defense lies not in its timeliness from the standpoint of procedure, but in the incorrectness of its premise from the standpoint of substantive law.
In order to invoke the primary-secondary coverage principle and thus bar plaintiff’s right of recovery against Farm Bureau, stacking of Nationwide’s two policies must *1280 be legally operative. Not so, here. The offered pleas do not establish that Terry Guthrie was a named insured under Nationwide’s primary liability policy; nor was he included under its definition of omnibus insured. As a passenger in the vehicle covered by Nationwide, his coverage for uninsured motorist protection is by virtue of the omnibus insured clause of the uninsured motorist provisions of the policy, which also restricts the coverage to $10,000 per person plus medical benefits. Stacking would result if the insured fell within that category of uninsureds whose coverage is mandated by the Uninsured Motorist Statute, e. g., the operator of the insured vehicle by virtue of his omnibus coverage under the primary liability policy. Lambert v. Liberty Mutual Insurance Company, 295 Ala. 414, 331 So.2d 260 (1976); General Mutual Insurance Company v. Gilmore, 294 Ala. 546, 319 So.2d 675 (1975). Thus, where stacking does not result, as here, the primary coverage is exhausted upon the payment of the policy limits of $10,000.
These proffered defenses were properly refused on the ground that they failed to establish a legally cognizable defense to plaintiff’s claim.