This is an appeal from a declaratory judgment. We reverse.
This is another uninsured motorist stacking case. It arose from the following:
An employee of a corporation was injured in an accident with an uninsured motorist. He was driving an automobile leased by the employer and furnished to him by the employer for his use while on company business and for his personal use. The employer owned or leased three other automobiles which were used in the same manner by other employees or officers of the corporation. The employer had separate policies of insurance on each automobile with Nationwide Mutual Insurance Company which included uninsured motorist coverage. The employee had a policy with United Services Automobile Association (USAA) which also included uninsured motorist coverage.
In his personal policy, the employee was the named insured. In the employer's policy, the liability coverage is as follows:
 "Those entitled to protection under these coverages C (1) and C (2) are (a) the policy holder; (b) any resident of the same household; and (c) any person or organization legally responsible for the use of the described automobile, provided the actual operation . . . is with the permission, expressed or implied, of the policy holder . . . and is within the scope of such permission."
It is stipulated that the employee was an express permission user and was within the scope of his permission at the time of his injury.
The employee was paid a total of $17,500 by the two insurers. Nationwide paid $10,000 and USAA paid $7,500. Each agreed that such payments were subject to the result of declaratory litigation between them as to whether or not the uninsured motorist coverage of the Nationwide policies could be "stacked." The trial court found that stacking was permitted of the Nationwide policies and that USAA was not due to contribute under the facts of the case. In reaching its decision the trial court found that the employee was an insured under each of the Nationwide policies. We believe the case law of this state as heretofore written by the Supreme Court in uninsured motorist cases to be to the contrary.
A lengthy re-statement by this court of the principles of stacking policies of uninsured motorist insurance eschewed by the Supreme Court of Alabama in recent years can serve no useful purpose. Each of the last two cases decided on the question by that court has already substantially done that. Those cases are Lambert v. Liberty Nat'l Mut. Ins. Co.,331 So.2d 260 (Ala. 1976) and Billups v. Alabama Farm Bureau Mut.Cas. Ins. Co., Ala., 352 So.2d 1097 (1977).
Though there is a slight distinction between the facts ofLambert and Billups and those of this case, it is a distinction without real difference.
In those cases the injured were occupants or passengers and were not drivers as in this case. USAA contends that difference is a critical factor, because a permissive driver of an insured vehicle is a "person insured" under the liability provisions of an insurance policy, an omnibus insured, and is required to be protected by uninsured motorist coverage under the statute, Title 36, § 74 (62a), Code of Alabama (1940) (Recomp. 1958). It cites the cases of State Farm Auto. Ins. Co. v. Reaves,292 Ala. 218, 292 So.2d 95 (1974); General Mut. Ins. Co. v.Gilmore, 294 Ala. 546, 319 So.2d 675 (1975), and Lambert v.Liberty Mut. Ins. Co., supra, as authority for its contention.
State Farm Auto Ins. Co. v. Reaves, supra, does stand for the proposition that if one is a person insured under the liability coverage of a policy, he cannot be excluded from protection of the uninsured motorist provision of that policy by an exclusion in the uninsured motorist provision. Such attempted exclusion is void because of the uninsured motorist statute. The case does not relate to "stacking" of policies. The case of GeneralMut. Ins. Co. v. Gilmore, supra, though containing some interesting dicta, stands only for the proposition that one who is an "insured" under the terms of the liability coverage cannot be denied the *Page 382 
full benefit of the uninsured motorist coverage. It was stipulated that the driver was "an insured" under the liability coverage of one policy which insured seven listed vehicles and for which seven separate premiums had been paid. Gilmore is not a valid precedent for a decision in this case and it has been ignored by the court in the subsequent decisions on "stacking."
We agree that Lambert applies in this case, not in aid of USAA's contention but to the contrary. Lambert held that there are two classes of insured under the usual liability policy: (1) the named insured, his relatives (who reside in his household), and (2) any permissive user or occupant while occupying the insured vehicle. The first class, the named insured, with members of his household pays a separate premium for every policy or for every vehicle included in a policy. He should get what he pays a premium for and is entitled to stack all uninsured motorist benefits to the extent of policy limits or injury. The second class is covered only when occupying the insured vehicle, pays no premium and is entitled only to the single coverage provided for the vehicle he is using or occupying.
We have previously stated that the claimant for stacking inLambert was an occupant of the insured vehicle. He was not an insured under the liability coverage, but was an omnibus insured under the uninsured motorist coverage. The policy was a fleet policy purchased by Seaboard Railroad and included nearly 1700 vehicles. There is language in Lambert, based upon a stated agreement with holdings from other jurisdictions(Cunningham v. Insurance Co. of North America, 213 Va. 72,189 S.E.2d 832 (1972); Long v. United States Fidelity Guar. Co.,396 F. Supp. 966 (N.D.Ala. 1975)), which appears to apply to the facts of this case. On the other hand, at the conclusion of the opinion, there appears language seemingly limiting the decision to the facts of that case. The case was heard by the full court. There were two special concurrences by justices with the opinion in Lambert which indicate that if Lambert had been an insured under the liability provisions of the policy rather than merely an omnibus insured under the uninsured motorist provision, they would not have agreed to a denial of stacking. Two other justices concurred in the result.
Billups v. Alabama Farm Bureau Mut. Cas. Ins. Co., supra, was heard by only one division of the court, but it discusses the opinion in Lambert as follows: "In Lambert we quoted with approval and adopted the reasoning of two other jurisdictions in the cases of Sturdy v. Allied Mut. Ins. Co., 203 Kan. 783,457 P.2d 34 (1969) and Cunningham v. Ins. Co. of North America,213 Va. 72, 189 S.E.2d 832 (1972), distinguishing between two classes of persons for the purpose of stacking insurance coverage. An insured of the first class, consisting of the named insured and any relative, is entitled to stack coverages. An insured of the second class, consisting of permissive users of the vehicle and any occupants, is not so entitled. This classification is consistent with reasonable expectations of the parties to the contract, the named insured and the insurance company. In Lambert, we expressly declined to extendto permissive users of automobiles the privilege of stackingmulti-vehicle coverage under policies not owned by them. We adhere to that decision and find that it controls in this instance." (Emphasis ours.) Billups v. Alabama Farm Bureau Mut.Cas. Ins. Co., supra, at 1104.
As the issue in Lambert did not include permissive users of automobiles, but related to an occupant of the insured automobile covered only under the uninsured motorist provisions of the policy, we must respectfully question the verity of the above statement in Billups.
It is clear that Lambert does not support the position of USAA in this case. If the interpretation by Billups is accepted, Lambert is contrary to the contention of USAA. The decision in Billups is decidedly contrary to and conclusive of the contention of USAA and the judgment below.
Though Billups was not a full court decision, we consider that we are bound by it. We consider it to be dispositive of the issue *Page 383 
of stacking by the employee insured as a permissive user under the liability coverage in this case.
We must comment however, that there is building up in our appellate decisions in this state language concerning "stacking" most difficult to reconcile. It appears to have become necessary to recapitulate the decisions, explain and distinguish them when a slightly different factual situation arises. If the rule for stacking is to be as declared inBillups, it would be desirable that an en banc decision be shortly forthcoming.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.