* Reporter's note: An opinion in this case was issued on June 26, 1987. That original opinion was withdrawn ex mero motu on July 2, 1987.
The appellants, Johnny C. and Mary E. White, appeal from a summary judgment entered by the Circuit Court of Barbour County in favor of Georgia Casualty and Surety Insurance Company (hereinafter, "Georgia Casualty").
Johnny C. White, an employee of Automatic Gas Company of Eufaula, Inc., was acting within the scope of his employment as the driver of a gas delivery truck when he was injured on November 4, 1983, in a collision with a vehicle driven by an uninsured motorist. Mary White, his wife, was a passenger in the delivery truck at the time of the accident. There is no dispute that the uninsured motorist was at fault and that Johnny White was not contributorily negligent. Both appellants were physically injured in the collision.
On September 12, 1984, Georgia Casualty paid to Johnny and Mary White $10,000.00 each, pursuant to the insurance policy on the delivery truck which they occupied at the time of the collision. That policy provided for uninsured motorist coverage of $10,000.00 per person and $20,000.00 per accident. Similar coverage was provided on each of Automatic Gas Company's other vehicles. The appellants accepted the payments of $10,000.00 each from Georgia Casualty and deposited the checks in a bank account in their names.
On October 24, 1984, approximately six weeks after accepting payment from Georgia Casualty, Mr. and Mrs. White filed a complaint alleging multiple claims against multiple defendants, a complaint which they later amended twice. The Whites subsequently moved for partial summary judgment on their contention that they were entitled to stack insurance coverage on Automatic Gas Company's other vehicles pursuant to the Company's policy with Georgia Casualty. Georgia Casualty admitted that *Page 141 
Johnny C. White was "insured under the terms of the general liability portion of the policy," but argued that the $10,000.00 paid to each plaintiff was the maximum payment owed by Georgia Casualty under the insurance contract with Automatic Gas. Georgia Casualty contended that its policy with Automatic Gas was a fleet policy; that the plaintiffs were second-class insureds; and, therefore, that they were not entitled to stack insurance coverage.
The Whites' motion for partial summary judgment was denied and the circuit court granted Georgia Casualty's motion for summary judgment. The court found that on the basis of all items submitted by the plaintiffs and the defendant, the plaintiffs were permissive users of the delivery truck at the time of the collision. The court also found that the plaintiffs were not named insureds or designated insureds under the policy issued to Automatic Gas by Georgia Casualty, but were second-class insureds entitled only to the amounts already paid to them under the uninsured motorist provision of the policy. As second-class insureds, the court said, the plaintiffs were not entitled to stack coverage. In support of its judgment, the court cited Lambert v. Liberty Mutual Insurance Co.,331 So.2d 260 (Ala. 1976); Holloway v. Nationwide Insurance Co.,376 So.2d 690 (Ala. 1979); Nationwide Mutual Insurance Co. v.United Services Automobile Ass'n, 359 So.2d 380 (Ala.Civ.App. 1977); and Fuqua v. Travelers Insurance Co., 734 F.2d 616 (11th Cir. 1984).
The issue presented in this appeal is whether the Whites are entitled to stack insurance coverage on other vehicles owned by Automatic Gas Company and insured by Georgia Casualty. Georgia Casualty admitted that the plaintiffs were insureds under the policy with Automatic Gas, and paid each plaintiff $10,000.00. The present dispute arose over the holding that the plaintiffs were insureds of the second class instead of insureds of the first class.
Ala. Code (1975), § 32-7-23 provides the basis for stacking insurance coverage by a person "insured thereunder" as provided in the primary liability policy. In the present case, Johnny C. White, as an employee of Automatic Gas Company, is included in the primary liability part of the insurance policy as one who is "insured thereunder," and is, therefore, entitled to stack coverage under the fleet policy. Mary E. White is not a person "insured thereunder," according to the insurance policy and is not entitled by statute to stack coverage. She is entitled only to the $10,000.00 already paid to her under the uninsured motorist provision of the policy.
In Lambert, supra, we recognized that there are distinctions between classes of insureds. In that case, Lambert was injured while riding as a passenger in a vehicle owned by his employer; that vehicle was struck by another vehicle driven by an uninsured motorist. The circuit court concluded that Lambert was not entitled to stack coverage on other vehicles owned by his employer which were insured under the same policy. The court reasoned that Lambert was not the owner of the vehicle in which he was riding at the time of the accident and that he had paid none of the insurance premiums. Lambert was an insured, the court said, only because he was an occupant of the vehicle at the time of the collision. We stated in Lambert:
 We agree with the Virginia Supreme Court [Cunningham v. Insurance Co. of North America, 213 Va. 72, 189 S.E.2d 832, 836 (1972)] that the rationale upon which stacking under multi-vehicle policies has been justified for insureds of the first class is inapplicable to insureds of the second class. Although an insured of the first class is covered under uninsured motorist policy provisions in whatever vehicle he may be occupying, an insured of the second class is . . . covered only if the particular vehicle he occupies is specifically included under the coverage of some policy. Thus, the payment of an additional premium to cover additional vehicles obtains a substantial benefit insofar as insureds of the second class are concerned. Not being a party to the contract, the expectations of an insured of the second class as to the extent of his coverage do not result in contract ambiguity *Page 142 
and are not sufficient to avoid the effect of the policy's limiting clause.
Lambert v. Liberty Mutual Insurance Co., 331 So.2d 260, 264-65
(Ala. 1976). Since Lambert, this Court has followed the basic reasoning that two distinct classes of insureds exist and that mere occupants of a vehicle are not entitled to stack coverage. See Holloway v. Nationwide Mutual Insurance Co., 376 So.2d 690
(Ala. 1979); Nationwide Mutual Insurance Co. v. United ServicesAutomobile Ass'n, supra; and Billups v. Alabama Farm BureauMutual Casualty Insurance Co., 352 So.2d 1097 (Ala. 1977).
The appellants argue that they were designated insureds under the Georgia Casualty policy. That policy identified the following persons as insureds, among others:
 (e)(i) an employee of the named insured while operating any such equipment in the course of his employment [emphasis added], and
 (ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization; provided that no person or organization shall be an insured under the paragraph (e) with respect to:
 (1) bodily injury to any fellow employee of such person injured in the course of his employment, or
 (2) property damage to property owned by, rented to, in charge of or occupied by the named insured or the employer of any person described in subparagraph (ii).
As the regular driver of the delivery truck involved in the collision, Johnny White insists that he cannot be considered a mere permissive user of the vehicle. We agree, however, that because Mr. White is an insured under (e)(i), and because Mrs. White is not an insured for primary liability purposes under either (e)(i) or (e)(ii), we need not address the permissive user issue. The present case stands apart from previous cases in which stacking of insurance coverage has been considered by this Court. Although the facts in Nationwide Mutual InsuranceCo. v. United Services Automobile Ass'n and Fuqua are similar in part to the facts presented here, in neither of those cases was the appellant actually a "person insured thereunder," as specified in the primary liability policy providing fleet coverage. Here, as the policy clearly states, supra, White, as an employee of the named insured is specifically included under the primary liability coverage provided by Georgia Casualty. As Justice Jones wrote in his special concurrence in Lambert,supra:
 The term "persons insured thereunder" refers specifically to those persons insured "against loss resulting from liability" under the "automobile liability policy." If Lambert is an insured — named or otherwise — under the primary liability provisions, the statute mandates coverage for uninsured motorist protection to the same extent and in the same manner as all other insureds under the basic liability coverage. See State Farm Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974).
Lambert v. Liberty Mutual Insurance Co., supra, at 266. In contrast to the facts presented in Lambert, White was undisputably an employee of Automatic Gas Company at the time of the accident and, as an employee, was designated as an insured under the primary liability provisions of that company's fleet policy. Whether White owned the truck or paid any of the premiums for the insurance on the vehicle he was driving at the time of the accident is of no consequence in this case.
This decision is not a return to General Mutual Ins. Co. v.Gilmore, 294 Ala. 546, 319 So.2d 675 (1975). In Gilmore, the decedent, as an employee, was deemed to have been an insured under the omnibus uninsured motorist provision of the policy and was allowed to "stack" coverage as a third party beneficiary of the insurance contract. Here, because he was an employee of the named insured, the primary liability provisions of the Georgia Casualty fleet *Page 143 
policy included White as an insured. We conclude, therefore, that White is entitled to "stack" coverage on other vehicles insured under the fleet policy issued by Georgia Casualty.[1]
For the foregoing reasons, we hold that the Circuit Court of Barbour County did not err in holding that Mrs. White was an insured of the second class and not entitled to stack coverage. Further, we hold that the trial court did err in holding that Mrs. White was not entitled to stack coverage.
The judgment of the circuit court is, therefore, affirmed in part, reversed in part and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY and STEAGALL, JJ., concur.
[1] We note that Ala. Code (1975), § 32-7-23, was amended by the Alabama Legislature May 15, 1984, prior to the filing of this suit, but did not become effective until January 1, 1985. Paragraph "(c)" of that section provides:
 The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract. (Acts 1965, No. 866, p. 1614, Acts 1984, No. 84-301, p. 672, § 4.)