**William M. GALLUPS et al., Plaintiffs,**

v.

**The AETNA CASUALTY & SURETY CO., Defendant and Third Party Plaintiff,**

v.

**Leroy DAVIS, Third Party Defendant.**

No. CV80–H–1716–S.

United States District Court,
N. D. Alabama, S. D.

May 20, 1981.

Carlton T. Wynn, Hare, Wynn, Newell & Newton, Birmingham, Ala., George M. Van Tassel, Jr., Sadler, Sadler, Sullivan, Sharp & Stutts, Birmingham, Ala., for Aetna Cas. & Sur. Co.

O. William Adams, III, Birmingham, Ala., for Leroy Davis.

## MEMORANDUM OF DECISION

HANCOCK, District Judge.

This cause came to be heard on April 3, 1981, at the regularly scheduled motion docket on the motion filed March 12, 1981, by defendant, The Aetna Casualty & Surety Co. (hereinafter referred to as Aetna), for partial summary judgment in its favor as to the amount of damages recoverable. The basis of this motion is Aetna's contention that the policy maximum of $20,000 per accident for uninsured motorist coverage is effective to limit damages in this case. Both parties have submitted briefs on this issue, and the sole question to be resolved is whether Alabama law requires "stacking" of uninsured motorist coverage attributable to multiple vehicles, when the deceased was not an insured for liability purposes but was a designated insured for purposes of uninsured motorist coverage. (The deceased's uninsured motorist coverage was not tied to her occupation of a covered vehicle.)

The factual background in this case is as follows. Mr. William M. Gallups obtained a "Business Auto Policy" from Aetna, which covered four vehicles and named as insured for liability purposes "Gallups Heating & Cooling Co., Wm. M. Gallups DBA." The policy further provided uninsured motorist insurance for Mr. Gallups and his family, as well as for occupiers of covered vehicles. For purposes of resolving this motion, we will assume that Mr. Gallups' sixteen year old daughter, Pam, was killed while riding as a passenger in an uninsured motor vehicle, which was hit by another uninsured motor vehicle. Mr. Gallups, the father, is suing to collect $40,000 [1] for his daughter's death under the uninsured motorist provision of the insurance policy. Since the amount sued for herein exceeds the policy maximum of $20,000, plaintiff would be entitled to recover damages in excess of this amount from Aetna only by "stacking" the uninsured motorist coverage for the four vehicles covered by the policy.

There appears to be no Alabama case directly on point with the issue to be decided herein, that is, whether a person who is a named insured for purposes of uninsured motorist coverage, but who is not an insured for liability purposes, should be entitled to stack the uninsured motorist coverage applicable to the various vehicles in-

---

1. It is quite likely plaintiff intended to sue for $80,000.

sured by the policy so that a sum in excess of the stated limit of coverage can be recovered. (Although the father is suing rather than the deceased daughter, the issue is phrased in this manner because it is the daughter's status that is determinable.) In order to reach a decision, it is necessary to analyze Alabama law with regard to "stacking" to determine what Alabama courts would be likely to hold in a case such as this.

■ Under Alabama law, "stacking" has been tied to the statutory mandate that "[n]o automobile liability or motor vehicle liability policy ... shall be delivered or issued for delivery in this state unless coverage is provided therein ... (in the amount of $10,000 per person and $20,000 per accident) ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ...." Ala.Code § 32–7–23 (1975). Because of this statutory requirement and the resulting additional premiums charged for uninsured motorist coverage on each additional vehicle insured for liability purposes, it appears that an insurance company cannot limit liability when persons required by statute to have uninsured motorist coverage, i. e., those insured for liability purposes, are injured. In cases where the statutory mandate is inapplicable, the insurance contract may legally limit liability by providing for a maximum amount recoverable, as the policy herein has attempted to do. A number of Alabama cases have addressed the "stacking" question, e. g., *Lambert v. Liberty Mutual Insurance Company*, 331 So.2d 260 (Ala.1976); *Great Central Insurance Co. v. Edge*, 292 Ala. 613, 298 So.2d 607 (1974); *The Employers Liability Assurance Corp., Ltd. v. Jackson*, 289 Ala. 673, 270 So.2d 806 (1972); *Safeco Insurance Co. of America v. Jones*, 286 Ala. 606, 243 So.2d 736 (1970), all of which relate the entitlement to "stacking" to the statutory requirement found in Ala.Code § 32–7–23 (1975). In particular, the *Lambert* case clarifies the test for whether "stacking" is required:

This insured is simply not a "person insured thereunder" *so that coverage is mandated for him under the statute ....* The plain language of the policy limits the amount of coverage provided for this insured. (emphasis added)

331 So.2d 260, 265.

I cannot tell from the information supplied this Court by the appellee whether Witcher was a "person insured thereunder" *under the primary liability provision of the fleet policy there involved.* (emphasis added)

331 So.2d 260, 266 (Maddox, J., concurring).

Whether "stacking" is permitted is essentially a question of coverage under the primary liability provisions of the policy.

331 So.2d 260, 266 (Jones, J., concurring).

■ Following the foregoing rationale behind the "stacking" policy, the court is of the opinion that "stacking" cannot be allowed in this case because the deceased daughter, whose status is determinable on this question, was not an insured for liability purposes. The court is of the opinion that with regard to the limitation of damages issue there is no genuine issue as to any material fact and that defendant Aetna is entitled to judgment as a matter of law on this issue. The policy maximum of $20,000 must therefore be given effect. Accordingly, Aetna's motion for partial summary judgment on the amount of damages is due to be granted, and the maximum amount this plaintiff can collect from Aetna is $20,000, the maximum amount permitted under the policy.

An order in accordance with this memorandum will be entered.