This appeal presents a question of first impression. Can a guest passenger recover under both the liability and uninsured motorist coverages of his host driver's insurance policy when the negligence of the host driver caused the accident? We hold that he cannot, and we affirm the judgment of the trial court.
On July 21, 1985, Joel Lee Sullivan was a passenger in an automobile that was involved in a one-vehicle accident; he was seriously and permanently injured. The *Page 993 
car was owned by Andrew Jones and, at the time of the accident, was being driven by his son, Michael Jones. State Farm Mutual Automobile Insurance Company ("State Farm") provided both liability coverage and uninsured motor vehicle coverage. The policy was issued to Andrew Jones.
State Farm (plaintiff) filed this action for a declaratory judgment against Joel Lee Sullivan, Joe A. Sullivan, Michael E. Jones, Andrew Jones, and American States Insurance Company (defendants), and alleged that it had issued a policy of automobile liability insurance to Andrew Jones, and that Michael Jones was an insured under that policy. In the complaint, State Farm admitted that Joel Sulivan was a passenger in the insured vehicle. State Farm also admitted that Sullivan's injuries were the proximate result of the negligence of its insured, Michael E. Jones, and further conceded that the injuries suffered by Sullivan authorized an award of damages in excess of the policy's bodily injury liability limit of $25,000, and in excess of the the policy's uninsured motor vehicle limit, also $25,000.
State Farm paid into the registry of the court the sum of $25,000 to satisfy its alleged obligation to Sullivan under the bodily injury limits of the Jones policy and requested that the court declare that it was not liable to Sullivan or his father, Joe A. Sullivan, under the uninsured motor vehicle coverage of the Jones policy (which had been amended to conform to the new "underinsured motorist" statute enacted by the Alabama legislature). State Farm relied upon the following two provisions of its policy to make this argument:
 "2. The definition of uninsured motor vehicle is changed to read:
 "1. a land motor vehicle, the ownership, maintenance or use of which is:
 "a. not insured or bonded for bodily injury liability at the time of the accident; or
 "b. insured or bonded for bodily injury liability at the time of the accident; but:
 "(1) the limits of liability are less than required by the financial responsibility act of the state where your car is mainly garaged; or
 "(2) the insuring company denies coverage or is or becomes insolvent; or
 "(3) the sum of the limits of liability under all bonds and policies that apply are less than the damages the insured is legally entitled to recover; or
 "2. a 'hit-and-run' land motor vehicle whose owner or driver remains unknown and which was the proximate cause of bodily injury, to an insured.
 "And uninsured motor vehicle does not include a land motor vehicle.
 "1. insured under the liability coverage of this policy;
 "2. furnished for the regular use of you, your spouse or any relative;
 "3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;
 "4. designed for use mainly off public roads except while on public roads; or
"5. while located for use as premises."
"Limits of Liability:
 "1. The amount of coverage is shown on the declarations page under 'Limits of Liability. — U — Each Person, Each Accident.' Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person. Under 'Each Accident' is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident.
 "2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured for bodily injury under the liability coverage.
 "3. Any payment made to a person under this coverage shall reduce any amount payable to that person under the bodily injury liability coverage.
 "4. This coverage is excess over, but shall not duplicate, any amount paid to or for the insured by or for any person or organization who is or may be held legally liable for the bodily injury to the insured. *Page 994 
 "5. The limits of liability are not increased because more than one person is insured at the time of the accident." (Emphasis added.)
The plaintiff and defendants (with the exception of American States) filed cross-motions for summary judgment. The trial court granted the plaintiff's motion for summary judgment and denied the defendants' motion. Summary judgment was rendered in favor of State Farm, but because the judgment did not adjudicate as to all of the parties or all of the issues involved in the case, the trial court then entered a Rule 54(b), Ala.R.Civ.P., order making the judgment final; the defendants appeal from that summary judgment in favor of State Farm.
The trial court, in an 11-page opinion, found that the provisions of the State Farm policy violated neither the statutory uninsured motorist coverage provisions (Code 1975, § 32-7-23), nor the public policy of the state. The trial court stated in its opinion:
 "In this case Sullivan was not required to be covered for uninsured motor vehicle coverage because he was neither the named insured, spouse of the named insured nor relative residing in the same household nor was he a person using the automobile with the consent of the owner or his spouse. Instead, he falls within the category of persons who are insured because they are included within the definition of insured provided by the insurance policy and not required by statute."
Relying upon the distinction made by this Court in Lambert v.Liberty Mutual Ins. Co., 331 So.2d 260 (Ala. 1979), the trial judge held that Sullivan was a class II insured, and, therefore, that the statute did not mandate either uninsured or underinsured motor vehicle coverage.
The defendants contend that the exclusions relied on by State Farm are in derogation of the uninsured motorist coverage statute and are contrary to public policy.
It is well settled in Alabama that when a court is interpreting the language in an insurance contract, rules of construction mandate that words are to be given their customary and normal meaning. This Court has also stated that provisions of insurance policies must be construed in light of the interpretation that ordinary persons would place on the language used. McKissick v. Auto-Owners Ins. Co.,429 So.2d 1030 (Ala. 1983). Any ambiguities in an insurance policy are to be resolved in favor of coverage. Childress v. Foremost Ins.Co., 411 So.2d 124 (Ala. 1982). Further, this Court has ruled that exceptions to coverage must be interpreted as narrowly as possible to provide the maximum coverage available. CottonStates Mutual Ins. Co. v. Michalic, 443 So.2d 927 (Ala. 1983). Prior Alabama cases construing the statute requiring uninsured motor vehicle coverage have held that if a policy provision is contrary to the statute, it is void and unenforceable. SafecoIns. Co. v. Jones, 286 Ala. 606, 243 So.2d 736 (1970).
The uninsured motor vehicle coverage statute (Code 1975, § 32-7-23) mandates coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." This section has been construed to mean that the classification of "insured" under the uninsured motor vehicle coverage must be as broad as under the bodily injury liability coverage. State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974).
We are of the opinion that the State Farm policy providing for uninsured motorist coverage is not void and unenforceable as against public policy. The policy provides that State Farm will "pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsuredmotor vehicle." (Emphasis added.) The bodily injury must be caused by an accident arising out of the operation, maintenance, or use of an uninsured motor vehicle. An uninsured motor vehicle is defined in the State Farm policy as including a motor vehicle which is insured *Page 995 
for bodily injury liability, but as to which "the sum of the limits of liability under all bonds and policies that apply are less than the damages the insured is legally entitled to recover." We believe that this provision is in accord with the statute defining an uninsured motor vehicle.
The defendants also contend that Joel Sullivan was a permissive user and was therefore insured under the liability coverage and that underinsured coverage was, therefore, mandated by statute.
The trial court in this case found that Joel Sullivan was not a named insured or a designated insured under the policy issued to Andrew Jones. The court also found that Joel Sullivan was "neither the named insured, spouse of the named insured, nor relative residing in the household nor was he a person using the automobile with the consent of the owner or his spouse." Instead, the trial court found that Joel Sullivan fell within the category of persons who are insured because they are included within the definition of "insured" provided by the insurance policy and not required by statute (i.e., that he was a class II insured).
This Court has recognized that there are distinctions between classes of insureds. Lambert v. Liberty Mutual Insurance Co.,331 So.2d 260 (1976). In that case, Lambert was injured while riding as a passenger in a vehicle owned by his employer, which was struck by another vehicle driven by an uninsured motorist. The trial court determined that Lambert was not entitled to stack coverage on other vehicles owned by his employer that were insured under the same insurance policy. The court stated that Lambert was not the owner of the vehicle in which he was riding at the time of the accident and that he had paid none of the insurance premiums. Lambert was an insured merely because he was an occupant of the vehicle at the time of the accident. In affirming the judgment of the trial court, this Court stated:
 "We agree with the Virginia Supreme Court that the rationale upon which stacking under multi-vehicle policies has been justified for insureds of the first class is inapplicable to insureds of the second class. Although an insured of the first class is covered under uninsured motorist policy provisions in whatever vehicle he may be occupying, an insured of the second class is similarly covered only if the particular vehicle he occupies is specifically included under the coverage of some policy. Thus, the payment of an additional premium to cover additional vehicles obtains a substantial benefit insofar as insureds of the second class are concerned. Not being a party to the contract, the expectations of an insured of the second class as to the extent of his coverage do not result in contract ambiguity and are not sufficient to avoid the effect of the policy's limiting clause."
Lambert v. Liberty Mutual Insurance Co., 331 So.2d 260, 264-65
(1976). Since Lambert, this Court has followed the basic reasoning that two distinct classes of insureds exist. See,White v. Georgia Casualty Surety Insurance Co., [MS. 85-380, July 2, 1987] (Ala. 1987); Holloway v. Nationwide MutualInsurance Co., 376 So.2d 690 (Ala. 1979); Nationwide MutualInsurance Co. v. United Services Automobile Ass'n,359 So.2d 380 (1978); and Billups v. Alabama Farm Bureau Mutual CasualtyInsurance Co., 352 So.2d 1097 (Ala. 1977).
In a special concurrence in Lambert, Justice Jones further distinguished between a person "insured thereunder . . . against loss from liability" and a person "insured" under the uninsured vehicle coverage. Justice Jones stated in his special concurrence:
 "The term 'persons insured thereunder' refers specifically to those persons insured 'against loss resulting from liability' under the 'automobile liability policy.' If Lambert is an insured — named or otherwise — under the primary liability provisions, the statute mandates coverage for uninsured motorist protection to the same extent and in the same manner as all other insureds under the basic liability coverage. See State Farm Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974).
 "If, on the other hand, he is an insured for uninsured motorist purposes purely *Page 996 
by virtue of the omnibus clause of the uninsured motorist provisions, which coverage is not required by the uninsured motorist statute in the first instance, then the extent of coverage for uninsured motorist protection can be limited by the terms of the contract.
 "In other words, if, under the facts before us, Lambert fits the definition of an insured as a person 'insured thereunder,' that is, the liability provisions of the policy, he is entitled to 'stacking.' General Mutual Insurance Company v. Gilmore, 294 Ala. 546, 319 So.2d 675 (1975). But, if he must resort to the omnibus clause of the uninsured motorist provisions to come within the definition of 'insured,' the [limit] of $10,000 per person provided for such coverage is effective and 'stacking' will be denied. Where the insurer elects to broaden the definition of 'insured' in the uninsured motorist coverage to include persons not embraced in the term 'insured' in the primary coverage, it likewise can elect to limit its liability to such additional insureds. The limitation of $10,000 per person does not run the risk of being in derogation of the statute because it applies to coverage not mandated by the statute. State Farm Mutual Automobile Insurance Company v. De La Cruz, 283 Ala. 167, 214 So.2d 909 (1968)."
331 So.2d at 266-67.
We are of the opinion that the trial court, after examining this Court's opinion in Lambert, supra, correctly determined that Joel Sullivan was not a named insured or a designated insured under the policy issued to Andrew Jones. We also believe that the trial court did not err when it looked to Justice Jones's special concurrence in Lambert and found that Joel Sullivan fell within the definition of "insured" because he was included within the definition of "insured" provided bythe insurance policy and not required by statute and, therefore, that the extent of coverage for uninsured motorist protection could be limited by the terms of the insurance contract.
While it is true, as the defendants contend, that this is a case of first impression in Alabama, several jurisdictions have addressed the very issue presented here and have reached the same conclusion as the trial court reached in this case.
The Supreme Court of Louisiana has addressed the same issue with the same factual question as is presented in this case inNall v. State Farm Mutual Automobile Insurance Co.,406 So.2d 216 (La. 1981). In Nall, the plaintiff was a passenger in an automobile and was injured due to the negligence of the driver. The bodily injury liability coverage was exhausted. The issue before the Louisiana court was:
 ". . . whether a guest passenger is entitled to recover under both the liability and U/M coverages of his host driver's insurance policy when the negligence of the host driver caused the accident."
406 So.2d at 219. The policy in Nall, like the one here, expressly excluded an "insured automobile" from the definition of an "uninsured automobile." The Louisiana court upheld the policy provision and refused recovery under the uninsured/underinsured motorist coverage, and stated:
 "Although La.R.S. 22:1406(D)(2)(b) (as amended by Act 154 of 1974) includes within the definition of an uninsured motor vehicle a statutorily defined underinsured motor vehicle, this provision must be read in light of other pertinent provisions of our uninsured motorist statute and cannot be interpreted in isolation. Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La. 1979). One such provision is La.R.S. 22:1406(D)(1)(a) which requires insurance companies to offer coverage to their liability policyholders 'for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles.' (Emphasis added.) In Breaux, in interpreting this provision, we stated:
 " 'A person insured under the uninsured motorist provision of a particular policy delivered or issued for delivery in this state with respect to a motor vehicle registered or principally garaged in this state must establish that *Page 997 
he is legally entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles in order to obtain coverage thereunder. As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the 'uninsured or underinsured' motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle.'
 "We consider the intent and effect of La.R.S. 22:1406(D)(1)(a) to be clear. As stated in Breaux, this provision creates distinctions between (1) persons insured under a particular policy affording uninsured motorist coverage and owners or operators of uninsured or underinsured motor vehicles and (2) the motor vehicle with respect to which such insurance is issued and the uninsured and underinsured motor vehicle. It is thus apparent, as held in Breaux, that our uninsured motorist statute does not mandate protection under the host driver's uninsured motorist coverage when the cause of the accident is the negligence of the host driver. We adhere to this interpretation."
406 So.2d at 219-20.
Another jurisdiction that has considered this issue is the state of Washington, in Millers Casualty Insurance Co. v.Briggs, 100 Wn.2d 1, 665 P.2d 891 (1984). That case involved a one-vehicle accident in which a passenger was killed. The policy definition excluded "an automobile . . . to which the liability coverage of this policy applies." 100 Wn.2d at 3,665 P.2d at 892. The Washington statute is virtually identical to the Alabama statute and defines an underinsured vehicle as a vehicle with respect to which the sum of liability limits "applicable to a covered person after an accident is less than the applicable damages which the covered person is entitled to recover."
The Washington court held that the exclusion of the insured automobile from the definition of an underinsured automobile was contrary neither to public policy nor to the statute and that the insurer was not obligated to pay under its underinsured motorist coverage. The Washington court stated:
 "Our conclusion is also dictated by common sense and the consuming public's general understanding of coverage under these circumstances. The owner of a vehicle purchases liability insurance to, among other things, protect passengers in the vehicle from his, or another driver's, negligent driving. He purchases underinsured motorist coverage to protect himself and others from damages caused by another vehicle which is underinsured. An insured wishing to avoid personal liability, and protect his passengers, may simply increase the liability insurance. The result of dual recovery in the instant case would transform underinsured motorist coverage into liability insurance. This result would cause insurance companies to charge substantially more for underinsured motorist coverage in order to match the cost of that coverage with the presently more expensive liability coverage. This increase in cost would discourage consumers from purchasing underinsured coverage, an important protection presently available for a minimal cost. Further, passengers can obtain underinsured coverage from their own insurers."
100 Wn.2d at 8, 665 P.2d at 895.
Arizona is another state with a statute similar to Alabama's. It is clear that the underinsured scheme under the Arizona statute and the statutory requirement that all insureds under the liability coverage be covered for underinsured motorist coverage are almost identical to Alabama's. In Preferred RiskMutual Insurance Co. v. Tank, 146 Ariz. 33, 703 P.2d 580 (App. 1985), the issue involved was whether passengers in the insured vehicle, after the bodily injury liability limits had been exhausted, *Page 998 
could then apply for benefits under the underinsured motorist coverage. The Preferred Risk policy, in defining an "underinsured motor vehicle," excluded the insured vehicle. The injured parties argued that such an exclusion was contrary not only to the statute but also to public policy. The passengers, who were insureds under the policy because they were relatives of the named insured, argued that the statute mandated that coverage extend to all persons insured under the policy.
The Arizona court rejected these arguments and stated:
 "This [argument] would, in effect, transform underinsured motorist coverage into additional liability coverage for the named insured — result we reject as contrary to the legislative intent."
146 Ariz. at 35, 703 P.2d at 592. The Arizona court further added:
 "The statute relating to underinsured motorist coverage was clearly designed to permit the prudent insured to protect himself and his family and passengers against the possibility of injury caused by another motorist with insufficient insurance. This is a completely different type of insurance from liability insurance, which protects those who are injured by the negligence of the insured, and which is dealt with by the legislature in a separate statute. See A.R.S. § 281251 et seq. The exclusion challenged by the appellants does not improperly limit the scope of the coverage mandated by A.R.S. § 20-259.01(C) and (E); in fact, it achieves precisely the purpose envisioned by the legislature. When operation of the insured vehicle causes an injury, liability coverage is available to the injured party. By refusing to pay underinsured motorist benefits in addition, that type of coverage is limited to the situation for which it was created — compensation for injuries caused by other motorists who are underinsured. Thus, although the statute lacks specific terms permitting the exclusion, we find it consistent with the legislative purpose."
146 Ariz. at 36, 703 P.2d at 583.
Minnesota also has a statute similar to Alabama's. The trial court referred to a Minnesota case in support of its holding. In Meyer v. Illinois Farmers Insurance Group, 371 N.W.2d 535
(Minn. 1985), the plaintiff was a passenger in a one-vehicle accident. He recovered the liability limits under the policy insuring that vehicle. Although his damages exceeded the bodily injury limits, the court did not allow him to recover under the uninsured motorist coverage on the same vehicle. In Meyer the insurance company relied upon a provision identical to the one in this case that excluded the insured motor vehicle from the definition of uninsured motor vehicle.
In Meyer the Court held that the exclusion was valid and set forth public policy reasons supporting its validity, as follows:
 "Liability insurance is purchased by an owner of a vehicle to protect passengers in that vehicle from the negligent driving of the owner or another driving the vehicle. Underinsured coverage, however, is intended to protect against a different type of risk, the risk that a negligent driver of another vehicle will have failed to purchase adequate liability insurance; that is, it is intended 'to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile.' Myers v. State Farm Mutual Auto. Ins. Co., 336 N.W.2d 288, 291 (Minn. 1983). An insured wishing to provide greater protection from his own negligence for himself and his passengers should purchase additional liability insurance coverage; allowing underinsured coverage in the instant case would, in essence, be allowing an individual to increase liability coverage by purchasing less expensive underinsured coverage."
After examining our statutes, our own cases, and the cases from other jurisdictions, we are of the opinion that the trial court did not err when it held that a guest passenger is not entitled to recover under both the liability and the uninsured motorist coverages of his host driver's insurance policy when the negligence of the host driver caused the accident.
AFFIRMED. *Page 999 
ALMON and ADAMS, JJ., concur.
BEATTY and HOUSTON, JJ., concur in the result.