Old Southern Life Insurance Company appeals from a summary judgment in favor of R.H. Williams on Old Southern's complaint seeking a judgment declaring its obligations to Williams under a "hospital benefits" insurance policy, and on Williams's counterclaim for benefits allegedly due under the terms of the policy.
Old Southern issued the policy to Williams on September 15, 1982, and required monthly premiums to be paid by the 15th day of each subsequent month to keep the policy in force. A 31-day grace period was granted for the payment of each premium falling due after the first premium, during which the policy was to continue in force. The policy also contained a "reinstatement" provision:
 "If any renewal premium be not paid within the time granted by the insured for payment, a subsequent acceptance of premium by the insurer or by any agent duly authorized by the insurer to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate the policy;
provided, however, that if the *Page 942 
insurer or such agent requires an application for reinstatement and issues a conditional receipt for the premium tendered, the policy will be reinstated upon approval of such application by insurer, or, lacking such approval, upon the forty-fifth day following the date of such conditional receipt unless the insurer has previously notified the insured in writing of its disapproval of such application. The reinstated policy shall cover only loss resulting from such accidental injury as may be sustained after the date of reinstatement and loss due to such sickness as may begin more than ten days after such date. In all other respects the insured and insurer shall have the same rights thereunder as they had under the policy immediately before the due date of the defaulted premium, subject to any provisions endorsed hereon or attached hereto in connection with the reinstatement. Any premium accepted in connection with a reinstatement shall be applied to a period for which premium has not previously been paid, but not to any period more than sixty days prior to the date of reinstatement." (Emphasis added.)
On April 8, 1987, Old Southern received a monthly premium payment from Williams, which had been due on March 15, 1987: this paid for the policy through April 15, 1987. The April 15 premium was paid to Old Southern on May 21, 1987, more than 31 days from the date the premium was due, and Old Southern wrote Williams on May 26, 1987, to inform him that although the policy had lapsed on May 15, 1987, it would be reinstated on June 15, 1987. Old Southern received another premium payment on May 28, 1987, and credited the payment to Williams's account to pay the policy from July 15, 1987, to August 15, 1987. On May 28, 1987, however, Old Southern received a claim from Humana Hospital in Russellville for services rendered to Williams on May 23, 1987 (the parties disagree as to whether this was the first notice Old Southern had of Williams's injuries). Old Southern refused to pay the claim and filed its declaratory judgment action, contending that the policy was not in force at the time Williams's claim arose.
The facts the instant case were submitted to the trial court upon stipulation of the parties. No testimony was taken; therefore, there is no presumption as to the correctness of the trial court's judgment. This Court sits in judgment on the evidence in the same manner as did the trial court.Pennington v. Bigham, 512 So.2d 1344 (Ala. 1987).
Old Southern correctly submits that the consideration for its providing coverage to Williams was payment of the premiums as they became due. When, however, a payment was missed, the reinstatement provision of the policy became operative, and reinstatement of the policy was dictated by its terms and conditions. The record reflects that the policy lapsed when the 31-day grace period expired on May 15, 1987; Old Southern acknowledges receiving a premium on May 21, 1987, and issuing a letter to Williams on May 26, 1987, stating that the policy would be reinstated on June 15, 1987, following the same procedure as when the policy had lapsed in January 1985 (the policy had lapsed on January 15, 1985; Old Southern had received payment on January 23, 1985, and had reinstated the policy on February 15, 1985.) There is no provision in the policy governing this method of reinstatement, whereby the policy is reinstated on the 15th day of the next month without requiring an application for reinstatement.
 "A provision providing for reinstatement after default upon presentation of evidence of insurability and payment of all premium arrears is one of substantial right to the insured, and the company has no right to impose any additional obligations. Thus, the insurer may be under a contractual duty to reinstate the policy upon full compliance, and has no option to refuse reinstatement. . . .
 "All provisions relative to reinstatement must be read together, and the method prescribed therein followed. Where the member's acts are not shown to be a full compliance with the requirements, recovery must be denied."
Appleman, Insurance Law and Practice § 2031, at 517-18 (1967). The policy in this case provides that subsequent acceptance *Page 943 
of the premium by the insurer, without requiring an application for reinstatement, shall reinstate the policy. The reinstated policy covers prospective loss, and the premium accepted in connection with the reinstatement "shall be applied to a period for which premium has not been previously paid, but not to anyperiod more than sixty days prior to the date ofreinstatement." (Emphasis added.)
Consequently, reading the provisions relative to reinstatement together and construing the policy in light of the interpretation that ordinary persons would place on its language (Sullivan v. State Farm Mut. Auto. Ins. Co.,513 So.2d 992 (Ala. 1987)), we must determine the effective date of the policy's reinstatement (the policy having been reinstated by the acceptance of the May 21, 1987, premium payment). In compliance with the terms of the insurance contract, the May 21 payment was to be "applied to a period for which premium has not previously been paid. . . ." Standing alone, this could be interpreted as a past premium period or a future premium period; but in light of the remainder of the provision that the premium was not to be applied "to any period more than sixty days prior to the date of reinstatement," we find that it was intended to apply to a past premium period.
Therefore, the May 21 premium payment served to extend the policy to May 15, and the 31-day grace period began to run from that date. Although Williams failed to pay the premium due on May 15 until May 28, the claim filed by Humana Hospital for services rendered to Williams on May 23 fell within the grace period and, thus, was covered by the terms of the policy. Consequently, we hold that the trial court did not misapply the law to the undisputed facts of the case, and its judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.